OPINION
PER CURIAM.
Petitioner Zhen Rui Chen is a native and citizen of the People’s Republic of China who petitions for review of the Board of Immigration Appeals’s (“BIA”) decision affirming a decision of the Immigration Judge (“IJ”) denying his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (“CAT”). For the following reasons, we will deny Chen’s petition for review.
I.
Chen entered the United States on September 2001. In August 2002, he filed an application for asylum and related relief asserting that he had been persecuted under China’s family planning policies. In the affidavit accompanying his application, Chen claimed that his wife had been subjected to a forced abortion on March 8, 2001, and that he had been forcibly sterilized on March 15, 2001. On October 3, 2002, the Department of Homeland Security issued a notice to appear charging Chen with removability under 8 U.S.C. § 1227.
At his removal proceedings, Chen testified consistently with his asylum affidavit. He asserted his wife became pregnant with their third child in late 2000. But because she missed her routine IUD/pregnancy checkup in December 2000, family planning officials came to Chen’s house looking for his wife — who was hiding at *380 her sister’s home. When Chen’s wife returned home on March 8, 2001, she was taken by the officials to the LangQi health clinic where she was subjected to an abortion. Thereafter, on March 15, 2001, six officials took Chen from his home to the health clinic. He testified that he was restrained, injected with anaesthesia, and sterilized.
Chen corroborated his claim with abortion and sterilization certificates from the LangQi health clinic as well as testimony from Dr. Robert Chan Luangkhot, a doctor who examined Chen in the United States on August 10, 2002 and again in 2004. Dr. Luangkhot testified that Chen had undergone a vasectomy that — based on faintness of the scar — had occurred around one year before the August 2002 examination. The IJ granted Chen’s claim for asylum but stated that she would reopen the case if the documentation regarding the sterilization and abortion was determined to be fraudulent.
The government’s subsequent investigation showed that the LangQi health clinic documents were fraudulent and upon the government’s motion the IJ reopened the case on March 15, 2005. Chen did not dispute that the documents were fraudulent but attempted to rehabilitate his claim by submitting new documents from the health clinic representing that he had been sterilized on March 15, 1999 and that his wife had undergone an abortion on March 8, 1999. Chen also submitted a letter from his wife — who remains in China — stating that, because she lost the original abortion and sterilization certificates, she obtained those initially submitted from a doctor for five-hundred Chinese dollars. She asserted that she did not know the documents were fraudulent.
On August 16, 2007, the IJ denied Chen’s requests for asylum, withholding of removal, and CAT relief but granted his application for voluntary departure. The IJ concluded that Chen’s “testimony regarding the dates of his forced sterilization and his wife’s forced abortion go to the very heart of his claim.” She noted that the year that these events occurred was disputed until it was discovered that the original documents were fraudulent. The IJ then reasoned that if the 2001 date were correct, then “[Chen’s] attempt to explain the forged documents is false and his credibility has been undermined not only by submitting forged documents, but also by attempting to explain why they are fraudulent.” If, however, the explanation of the forged documents was true and the sterilization and abortion occurred in 1999, then “[Chen] repeatedly stated the incorrect year in which he was sterilized, and the Court finds it unlikely that a man who was forcibly sterilized in the manner described ... would not remember the year in which that traumatic event occurred.”
On August 29, 2008, the BIA affirmed the IJ’s decision. It concluded that the adverse credibility finding was not clearly erroneous, agreeing that the Chen lacked credibility because he had submitted fraudulent documents and noting that the rehabilitative evidence conflicted with his testimony as to the date of the acts of persecution. See Matter of O-D- 21 I. & N. Dec. 1079 (BIA 1998). The BIA also determined that because Chen failed to meet the burden necessary to establish eligibility for asylum, he failed to satisfy the higher standard required for withholding of removal, and had not presented any credible evidence establishing that someone in his situation would be tortured upon his return to China. Finally, the BIA permitted Chen to voluntarily depart from the United States. See 8 U.S.C. § 1229c(b).
Through counsel, Chen now petitions for review of the BIA’s final order of removal.
*381 ii.
We have jurisdiction to review the BIA’s final order of removal under 8 U.S.C. § 1252(a). In this case, we review the decisions of the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). The decisions are reviewed under the substantial evidence standard and will be upheld “unless the evidence not only supports a contrary conclusion, but compels it.” Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir.2003) (internal citation omitted). Further, an adverse credibility finding should be “based upon inconsistent statements, contradictory evidences, and inherently improbable testimony” that go to the heart of the asylum claim.[1] Mudric v. Att’y Gen., 469 F.3d 94, 101 (3d Cir. 2006).
Substantial evidence supports the adverse credibility determination. See Kaita, 522 F.3d at 296. Chen does not dispute that he submitted fraudulent abortion and sterilization certificates in support of his claims. He also failed to authenticate the second set of certificates. The IJ and BIA nevertheless considered the new records and appropriately concluded that Chen’s rehabilitative evidence only raised more questions as to his credibility, and that the questionable evidence goes to the heart of his claim for asylum. Additionally, because the IJ could have rested the adverse credibility finding solely on the submission of the fraudulent documents, we have no need to consider Chen’s arguments relating to the admission of his rehabilitative documents and the explanation for the inconsistencies between the documents. In sum, the evidence does not compel us to overturn the decision to deny the petitioner’s claims.
For the foregoing reasons, we deny Chen’s petition for review.

. Because Chen applied for relief before May 11, 2005, the REAL ID Act’s standard governing review of adverse credibility determina-lions is not applicable to this case. See Kaita v. Att’y Gen., 522 F.3d 288, 296 (3d Cir.2008).